Dweck, d. b. a. Famous Shops, Plaintiff-Appellee, *v.* Arcade, Inc., Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 4092.   Decided April 26, 1960.

*Mr. P. A. Millstone,* for plaintiff-appellee.
*Mr. Jesse H. Leighninger,* for defendant-appellant.

*Per Curiam.*   This is an action for construction of a lease and an accounting between the parties thereto.

It is before this court on appeal from the Court of Common Pleas of Mahoning County on questions of law only.

The lease, among other things, provides:—

"In addition to the minimum rental * * * as hereinbefore provided for the lessee shall pay when due all taxes and special assessments, including whiteway assessments which shall be payable upon the leased premises during the term of said lease and upon termination of said lease shall pay any pro rata proportion of said taxes and assessments then assessed but not payable at the time of termination."

The lease is for a period of three years, commencing on the first day of May 1955 and ending on the thirtieth day of April, 1958. It was drafted by the attorney for defendant-appellant, Arcade, Inc.

Plaintiff-appellee entered into possession on May 1, 1955, paid when due all taxes and special assessments which became payable upon the leased premises during the term of said lease, the first payments having been made in July 1955; and paid all taxes thereafter as they became due. On April 30, 1958, the lease terminated, and the issue in this case arises respecting the liability of the plaintiff-appellee to pay any further taxes and assessments as of April 30, 1958.

Section 319.28, Revised Code, provides that the County Auditor shall certify on the first day of October each year and deliver one copy of the assessment to the county treasurer. This list constitutes the auditor's general tax list and treasurer's general duplicate of the real property for the current year, and this is under law the assessment of the taxes for that year.

On February 28, 1958, the plaintiff-lessee paid taxes in the amount of $2,546.54, it being for the first half of the taxes assessed for the year 1957. On April 30, 1958, the lease terminated. Taxes assessed for the last half of 1957 in the amount of $2,546.54 were not payable until July of 1958, which date was outside and beyond the date of the termination of the lease. However they had been assessed before the termination of the lease. This means that under the lease the tenant was responsible for taxes payable in July of 1955, assessed for the last half of 1954, all of the taxes assessed for 1955 and payable in 1956, all of the taxes assessed for 1956 and payable in 1957, and all of the taxes assessed for 1957. The total amount of these taxes is $16,372.32.

The evidence shows that plaintiff-appellee paid $15,802.84 on these taxes, leaving a balance of $569.48 in unpaid taxes.

Under the lease plaintiff had deposited with defendant the amount of $5,000.00 as a guarantee for rentals and taxes.

At the termination of the lease, according to the evidence, plaintiff owed $2,500.0 under the rental section. This showed a balance of $2,500.00 of the deposit from which we must deduct the $569.48 due on taxes, leaving a balance owing to plaintiff of $1,930.52.

The judgment of the trial court is modified, and as modified final judgment is hereby entered in favor of the plaintiff and against the defendant in the amount of $1,930.52. Final judgment entered and as modified the judgment of the trial court is affirmed.

GRIFFITH, P. J., PHILLIPS and DONAHUE, JJ., concur.